UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GURPREET SINGH,

Petitioner,

v.

TONYA ANDREWS, *et al*.,

Respondents.

Case No.   1:26-cv-03905 (EJD)

**ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 2

This habeas action concerns the detention of Petitioner Gurpreet Singh, a noncitizen who has lived in the United States since March 29, 2023. Dkt. 1 ¶ 2. Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's motion for temporary restraining order. *See* Dkt. 2. For the reasons explained below, the Court GRANTS Petitioner's motion for a temporary restraining order, and orders Respondents to show cause why the Court should not enter judgment on the petition in favor of Petitioner.

**I.      BACKGROUND**

Petitioner is a citizen of India who entered the United States on March 29, 2023. Dkt. 1 ¶ 2. Upon entry, he was briefly detained by the Department of Homeland Security ("DHS") and was released on his own recognizance "[i]n accordance with section 236 of the Immigration Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations[.]" Dkt. 1-3 at 2. Since his release over three years ago, Petitioner has developed substantial ties in the community: he

Case No.: 1:26-cv-03905-EJD

1

applied for asylum, obtained valid work authorization from USCIS, began working as a truck driver, lives with his family, has kept a clean criminal record, and has followed all the conditions of his release. Dkt. 1 ¶¶ 45, 68, 72, 76.

Petitioner was re-detained by Immigrations and Customers Enforcement ("ICE") on April 15, 2026 during a commercial truck inspection. *Id*. ¶ 86.  He is now being held at the Golden State Annex.  *Id*. ¶ 8.  On May 20, 2026, Petitioner filed a petition for writ of habeas corpus and motion for a temporary restraining order. Dkt. 1, 2. He requests that the Court grant his immediate release. Dkt. 1 at 23.  In opposition, Respondents rely entirely on the Government's new interpretation of 8 U.S.C.§ 1225(b)(2) ("Section 1225") as mandating Petitioner's detention, a position Petitioner disputes. *See* Dkt. 6 at 3.

## II.    LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008).

## III.    DISCUSSION

### A.    Likelihood of Success on the Merits

Before turning to the merits of Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *See* Dkt. 6 at 1–2. This Court—as well as the majority throughout  the United States—have already concluded that applying Section 1225 to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2)

Case No.: 1:26-cv-03905-EJD

disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *See, e.g.*, *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases).  As such, Section 1225(b)(2) is not a lawful basis for detention.

As the Government makes no further argument regarding the basis for Petitioner's detention, the Court next turns to Petitioner's due process claim. First, the Court finds that Petitioner's release from immigration custody by the affirmative act of the Government, and then the over three years of freedom that followed, gave rise to a protected liberty interest. *See, e.g.*, *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v.*

Case No.: 1:26-cv-03905-EJD

3

*Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

Second, Petitioner has shown under the *Mathews v. Eldrige* factors that due process required the government to provide him with a pre-deprivation hearing and demonstrate that he was a flight risk or danger to community before re-detaining him. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years. In the intervening years he developed ties in his community—he has begun working as a truck driver pursuant to valid work authorization and has lived at liberty with his family. "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Further, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

Finally, although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094. If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

As such, the Court finds that Petitioner has shown a strong likelihood of success on his due process claim. The Court next turns to the remaining *Winter* factors.

**B.    Irreparable harm**

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th

Case No.: 1:26-cv-03905-EJD

Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"). Where the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary. *See Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005). Given that Petitioner was detained without any showing of changed circumstances by the Government, the court finds that he would be irreparably harmed by the continued deprivation of his liberty in violation of his due process rights.

### C.    Balance of the Equities

As for the balance of equities and the public interest factors of the inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Petitioner. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner in violation of his due process rights is low. In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094. As such, the equities lean towards Petitioner.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the motion for a temporary restraining order is GRANTED. IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Gurpreet Singh from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

Case No.: 1:26-cv-03905-EJD

United States District Court
Eastern District of California

4. By June 15, 2026, Respondents are ordered to show cause why the Court should not grant the Petition and enter judgement in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: June 8, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-03905-EJD