UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GURPREET SINGH,

        Petitioner,

    v.

TONYA ANDREWS, *et al.*,

        Respondents.

Case No.   1:26-cv-03905 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner is a citizen of India who entered the United States on March 29, 2023. Dkt. No. 1 ¶ 2. Upon entry, he was briefly detained by the Department of Homeland Security ("DHS") and was released on his own recognizance "[i]n accordance with section 236 of the Immigration Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations[.]" Dkt. No. 1-3 at 2. Since his release over three years ago, Petitioner has applied for asylum, obtained valid work authorization from USCIS, began working as a truck driver, lives with his family, has kept a clean criminal record, and has followed all the conditions of his release. Dkt. No. 1 ¶¶ 45, 68, 72, 76.

Petitioner was re-detained by Immigrations and Customs Enforcement ("ICE") on April 15, 2026 during a commercial truck inspection. *Id*. ¶ 86. He is now being held at the Golden State Annex. *Id*. ¶ 8. On May 20, 2026, Petitioner filed a petition for writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 2. The Court granted Petitioner's motion for a temporary restraining order on June 8, 2026, ordered his immediate release, and ordered that Respondents show cause by June 15, 2025 as to why the Court should not grant the Petition and

Case No.: 1:26-cv-03905-EJD

1

enter judgement in favor of Petitioner. Dkt. No. 8 at 1–2.

Respondents did not file a response by the June 15, 2026 deadline. As such, the Court assumes that Respondents have no further argument beyond what was provided in their response to the Motion for a Temporary Restraining Order. Dkt. No. 6.

The Court incorporates its reasoning from its June 8, 2026 Order and GRANTS the petition for writ of habeas corpus on the basis of Petitioner's claim for a violation of his due process rights (count two). *See* Dkt. No. 1 ¶¶ 93–102. Petitioner obtained a protected liberty interest in his continued freedom following his initial release from DHS custody on March 29, 2023. Dkt. No. 8 at 3. As the Court explained in its order granting the Motion for a Temporary Restraining Order, the *Mathews v. Eldridge* factors weight in favor of granting Petitioner's release and requiring a pre-deprivation hearing before he may be re-detained. *Id*. at 4.

For the reasons stated above and in the Court's June 8, 2026 Order, the petition for writ of habeas corpus is GRANTED:

1.      Petitioner SHALL remain out of custody unless Respondents demonstrate at a future pre-deprivation and/or custody hearing that additional restrictions are necessary.

2.      If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3.      The Clerk of the Court is directed to close this case and enter judgment in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: June 18, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 1:26-cv-03905-EJD

United States District Court
Eastern District of California